IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRENT CASSELBERRY, CODY BRUMMETT, BRANNON REED, AND TOM MIECH Individually and on behalf of all others similarly situated | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:16-cv-1180 |
| V. | § § | JURY TRIAL DEMANDED |
| T&D SOLUTIONS, LLC. Defendant. | § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiffs Brent Casselberry, Cody Brummett, Brannon Reed, and Tom Miech individually and on behalf of all other similarly situated employees (collectively, "Plaintiffs" or "Representative Plaintiffs") bring this lawsuit against Defendant T&D Solutions, LLC ("Defendant" or "T&D").

**I.
OVERVIEW**

1. This is a collective action to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. The Putative Class Members are current and former hourly employees of T&D Solutions, LLC. The Putative Class Members were not paid the proper overtime rate for all hours worked in excess of 40 hours a week and/or for their bonuses in accordance with the FLSA. Accordingly, Plaintiffs bring this action on behalf of themselves and all other similarly situated employees to recover unpaid overtime compensation under §16(b) of the FLSA. 29 U.S.C. §216(b).

## II.
### PARTIES

3. Plaintiffs were employed by Defendant within the meaning of the FLSA during the relevant three-year period. Plaintiffs worked for Defendant as hourly employees and did not properly receive overtime compensation or benefits for all hours that they worked in excess of 40 hours per week and Defendant failed to include Plaintiffs' quarterly bonuses and year-end deferred compensation bonuses in their regular rate of pay. Plaintiffs' consents have been attached as Exhibit A.

4. Defendant T&D Solutions, LLC is a Louisiana limited liability company doing business in Texas that may be served with process by serving its registered agent for service of process in Texas, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5. The class of similarly situated employees or potential class members sought to be certified under 29 U.S.C. §216(b) is defined as:

> **"ALL CURRENT AND FORMER HOURLY EMPLOYEES EMPLOYED BY T&D SOLUTIONS OR ITS PREDECESSORS AT ANY TIME WITHIN THE PAST THREE YEARS WHO WERE PAID ON AN HOURLY BASIS AND ALSO RECEIVED BONUSES"** ("Putative Class Members")

The precise size and the identity of the Putative Class Members should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant and its related and affiliated entities.

## III.
### JURISDICTION

6. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiffs' claims arise under §§ 7(a)(1), 7(e), and 16(b) of the FLSA. 29 U.S.C. §§ 207(a)(1), and 216(b). Additionally, this Court has personal jurisdiction

over Defendant, since Defendant employed Plaintiffs and maintains or maintained offices in Johnson City, Texas, which is located within this District and Division.

## IV.
### VENUE

7. Venue is proper in this Division under 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas, Austin Division.

## V.
### COVERAGE UNDER THE FLSA

8. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiffs and all those similarly situated were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
### FACTS

12. During the time period which is relevant to this action, Plaintiffs and all those similarly situated were employed by Defendant and were paid on an hourly basis. Defendant also paid Plaintiffs and all those similarly situated a non-discretionary quarterly performance based bonus and a non-discretionary year-end deferred compensation bonus.

13. However, Plaintiffs and all those similarly situated hourly employees were not paid for all hours worked, including overtime hours and thus, were not compensated in accordance with the FLSA. Plaintiffs and all those similarly situated were required to attend monthly overtime safety meetings but were not paid for attending these meetings. If Plaintiffs and those similarly situated worked hours over forty during that workweek, Defendants did not pay Plaintiffs and all those similarly situated hourly employees overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1). Plaintiffs' entitlement to overtime pay was not accurately recorded by Defendant.

14. Additionally, Defendant failed to include the non-discretionary quarterly and deferred compensation bonuses of Plaintiffs and all those similarly situated in their regular rate of pay as required by 29 U.S.C. § 207(e).  This failure also resulted in the payment of overtime at a rate less than one and one-half times the regular rate at which Plaintiffs and all those similarly situated were employed.

15. Plaintiffs are aware of other current and former employees of Defendant who are similarly situated in that they were not properly paid for all hours worked, including overtime hours and thus were not compensated in accordance with the FLSA.

## VII.
### COLLECTIVE ACTION ALLEGATIONS

16. Numerous employees have been victimized by this pattern, practice and policy which are in willful violation of the FLSA. Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner and were not properly compensated as required by the FLSA.

17. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiffs in terms of job duties, pay provisions and/or employment practices.

18. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and practice and which is not dependent on the personal circumstances of the Putative Class Members. Defendant has implemented and applied the same policies for all its hourly employees who were paid on an hourly basis and received non-discretionary bonuses. Thus, Plaintiffs' experiences are typical of the experiences of the Putative Class Members.

19. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked, and all hours in excess of 40 hours per week.  All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to have their non-discretionary bonuses included in their regular rate of pay for purposes of calculating a proper overtime rate.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII.
## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT

20. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.  In addition, Defendant failed to include bonuses in the regular rate of pay of Plaintiffs and all those similarly situated, resulting in additional unpaid overtime wages.

21. Defendant knowingly, willfully or in reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiffs and all those similarly situated overtime compensation. The decision by Defendant not to properly pay overtime compensation to its hourly employees was neither reasonable, nor in good faith. Accordingly, Plaintiffs and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## IX.
### RELIEF SOUGHT

22. WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

    a. For an order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiffs (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

    b. For an order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

c. For an Order awarding Plaintiffs (and those who have joined in the suit) their attorneys' fees;

d. For an Order awarding Plaintiffs (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order granting such other and further relief as may be necessary and appropriate.

## X.
## JURY TRIAL REQUESTED

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

*/s/ W. Jackson Wisdom*
W. Jackson Wisdom
Federal Bar No. 13756
State Bar No. 21804025
*wisdom@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
Telephone:   (713) 632-1700
Facsimile:     (713) 222-0101
**ATTORNEY IN CHARGE FOR PLAINTIFFS**

OF COUNSEL:
Sylvia Ngo
Federal Bar No. 1146305
State Bar No. 24067100
*ngo@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
Telephone:   (713) 632-1700
Facsimile:     (713) 222-0101